IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAYLEEN CATCHINGS,**
**SHIRLANDREA GAINES, and**
**NYASIA CHRISTIAN**                                                                                   PLAINTIFFS

VS.                                                              CIVIL ACTION NO. 3:25-cv-791-CWR-LGI

**KIERA DAVIS, and**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                                                    DEFENDANTS

**COMPLAINT FOR NEGLIGENCE, BAD FAITH, AND PUNITIVE DAMAGES**

I.   **JURISDICTION AND VENUE**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. Plaintiffs are residents of Hinds County, Mississippi. Defendant Kiera Davis is believed to be a resident of Texas. Defendant State Farm Mutual Automobile Insurance Company ('State Farm') is a foreign corporation authorized to conduct business in Mississippi. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiffs reside within this District and Defendants transact business here.

II.  **PARTIES**

1. Plaintiffs Jayleen Catchings, Shirlandrea Gaines, and Nyasia Christian are adult citizens and residents of Hinds County, Mississippi.

2. Defendant Kiera Davis is an adult resident of Texas who may be served with process wherever found.

3. Defendant State Farm Mutual Automobile Insurance Company is a foreign insurer authorized to do business in Mississippi and may be served through its registered agent for

service of process: United States Corporation Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

### III. FACTUAL BACKGROUND

On or about July 4, 2025, Plaintiffs were lawfully traveling as passengers in a motor vehicle in Houston, Harris County, Texas. Defendant Kiera Davis, while attempting to make an illegal U-turn in oncoming traffic to enter a nightclub, acted with reckless disregard for the safety of others. Upon information and belief, Davis was impaired or otherwise unfit to drive at the time of the collision. She also made discriminatory statements following the crash suggesting Plaintiffs were at fault 'because they are from Mississippi,' reflecting a conscious disregard for the rights and dignity of others.

Davis's actions violated multiple provisions of the Texas Transportation Code, including §§ 545.101, 545.302(b), 545.060(a), and 545.401. Her conduct constituted negligence, gross negligence, and reckless indifference to human life. As a result, Plaintiffs sustained bodily injuries, medical expenses, pain, suffering, and emotional distress.

At the time of the collision, Davis was insured under a policy issued by State Farm. Plaintiffs promptly submitted claims for compensation. Despite clear liability and documented injuries, State Farm engaged in unreasonable delays, low-ball offers, and misrepresentations of coverage, constituting bad faith under Mississippi law.

**COUNT I – NEGLIGENCE AND GROSS NEGLIGENCE (Against Kiera Davis)**

Defendant Davis owed Plaintiffs a duty to operate her motor vehicle safely and in compliance with applicable law. By attempting an illegal U-turn across oncoming traffic, failing to yield, and possibly driving while impaired, Davis breached her duty. Her conduct constitutes gross negligence and warrants punitive damages pursuant to Miss. Code Ann. § 11-1-65 for willful, wanton, and reckless disregard for the safety of others.

**COUNT II – BAD FAITH AND UNFAIR CLAIMS HANDLING (Against State Farm)**

State Farm owed Plaintiffs a duty of good faith and fair dealing. Under Mississippi law, including State Farm Fire & Cas. Co. v. Simpson, 477 So.2d 242 (Miss. 1985), and Universal Life Ins. Co. v. Veasley, 610 So.2d 290 (Miss. 1992), an insurer acts in bad faith when it denies or delays payment of a valid claim without an arguable reason. State Farm's conduct—unreasonable delays, inadequate offers, and disregard for medical evidence—constitutes bad faith and malicious conduct warranting punitive damages.

Additionally, under Miss. Code Ann. § 83-11-1 et seq. and related precedent (e.g., United American Ins. Co. v. Merrill, 978 So.2d 613 (Miss. 2007)), insurers must act promptly and fairly in adjusting claims. State Farm's failure to do so caused Plaintiffs significant emotional distress and financial hardship.

### IV. DAMAGES

Plaintiffs seek all recoverable damages under Mississippi law, including but not limited to: Past and future medical expenses; pain, suffering, and emotional distress; Loss of enjoyment of life; Punitive damages against Kiera Davis for gross negligence and reckless conduct; Punitive damages against State Farm for bad faith and willful disregard of Plaintiffs' rights; Attorneys' fees, litigation costs, and pre- and post-judgment interest.

## V. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request judgment against Defendants Kiera Davis and State Farm Mutual Automobile Insurance Company, jointly and severally, for: Compensatory damages in an amount to be determined by the jury; Punitive damages under Miss. Code Ann. § 11-1-65; Attorneys' fees and costs; Pre- and post-judgment interest; and Any further relief this Court deems just and proper.

Respectfully submitted,

**THE AMS LAW, PLLC**

/s/ Ali M. ShamsidDeen
ALI M. SHAMSIDDEEN (MSB #101013)
Attorney for Plaintiffs

1010 N. West Street
Jackson, MS 39202
Telephone: (601) 202-6027
Email: ashamsiddeen@theamslaw.com